McGREGOR W. SCOTT
United States Attorney
GRANT B. RABENN
ROBIN TUBESING
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4083
Facsimile: (559) 497-4099
Robin.Tubesing2@usdoj.gov

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:17-CR-00300-DAD-BAM |
|---|---|
| Plaintiff, | **UNITED STATES' MOTION FOR LEAVE TO ISSUE SUBPOENAS** |
| v. | |
| CHESTER L. NEAL, JR., | *EX PARTE* |
| Defendant. | |

The United States of America moves this court to enter an order permitting it to issue early return subpoenas pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, and in support states:

Chester L. Neal, Jr., ("Neal") executed a plea agreement by which he pled guilty to one count of mail fraud on July 2, 2019. (Dkt. 28) In the plea agreement, Neal agreed to pay mandatory restitution to his victims and he agreed to pay additional restitution arising from all relevant conduct. (Dkt. 28 at 3)

From around July 2008 through around December 2017, Neal defrauded at least 35 victims. (Dkt. 28 at A-1) Specifically, Neal secured government contracts and then induced vendors into performing the work required by the contracts without paying them. (Dkt. 28 at A-1) Restitution is no less than $2,869,945.32 and no more than $3,734,927.50. (Dkt. 28 at 3)

Under the plea agreement, Neal agreed to provide the United States with financial information and documents within three weeks of his change of plea hearing, which was held on August 19, 2019.

(Dkt. 28 at 5)  The United States sent a financial statement form to Neal's counsel on July 3, 2019 for Neal to complete and return to the United States.  The United States has not received any financial information or documents from Neal.  Sentencing in this case is set for December 9, 2019, at 10:00 a.m. (Dkt. 32)

The United States is informed and believes that Neal may have purchased real estate in Florida in July 2019 via an LLC created in May 2019.  Because of Neal's failure to complete and return a financial statement, the circumstances regarding the LLC and the real estate are largely unknown.  The United States is concerned that Neal may be engaging in a pre-sentencing attempt to encumber assets and concealing the conduct by failing to provide the United States with the financial statement.

## **ARGUMENT**

The United States seeks leave of the court under Rule 17(c) to subpoena the lenders associated with the real estate transaction. Federal Rule of Criminal Procedure 17(c) allows this court to subpoena documents or data for production. Fed. R. Crim. P. 17(c). This rule is available to the prosecution provided:

> (1)  that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercising of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Rand*, 835 F.3d 451, 462-63 (4th Cir. 2016) (citations omitted) (citing *United States v. Nixon*, 418 U.S. 683, 699-700 (1974)).  This requirement has been distilled into three requirements, namely "'(1) relevancy, (2) admissibility, [and] (3) specificity.'" *Id.* at 462 (quoting *Nixon*, 418 U.S. at 700)).

The United States asks the court to allow it to subpoena lender Fort Brooke Funding LLC and lender Kevin Koehler IRA LLC for all documents related to the purchase of the Florida real estate that occurred in July 2019.  The documents are relevant to determine whether Neal has complied with the plea agreement and whether Neal is encumbering assets to the detriment of victims.  The information is admissible since the documents produced would be business documents that directly relate to the

purchase of the Florida real estate. The subpoenas will contain the requisite specificity as the requests will only include documents related to the purchase of the Florida real estate that occurred in July 2019. The United States needs this information prior to sentencing, and we are unable to obtain it using other means.

## CONCLUSION

Accordingly, the United States requests that, pursuant to Rule 17(c), the court grant leave to issue early return subpoenas and that the return date for the subpoenas is November 18, 2019.

Dated:  October 18, 2019                    McGREGOR W. SCOTT
                                            United States Attorney

                                      By:   /s/ Robin Tubesing
                                            ROBIN TUBESING
                                            Assistant United States Attorney

UNITED STATES' MOTION FOR LEAVE TO ISSUE SUBPOENAS                    3