IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>      v.<br><br>CHESTER L. NEAL, JR.,<br><br>                      Defendant. | CASE NO. 1:17-CR-00300-DAD-BAM<br><br>**ORDER DENYING THE GOVERNMENT'S MOTION FOR LEAVE TO ISSUE RULE 17(c) SUBPOENAS** |

Before this Court is the government's motion requesting an order permitting it to issue early return subpoenas pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure to Fort Brooke Funding LLC and Kevin Koehler IRA LLC.

In its motion the government contends as follows. Chester L. Neal, Jr., ("Neal") executed a plea agreement by which he pled guilty to one count of mail fraud on July 2, 2019. (Doc No. 28.) In the plea agreement, Neal agreed to pay mandatory restitution to his victims and he agreed to pay additional restitution arising from all relevant conduct. (*Id*. at 3.) From around July 2008 through around December 2017, Neal defrauded at least 35 victims. (*Id*. at A-1.) Specifically, Neal secured government contracts and then induced vendors into performing the work required by the contracts without paying them. (*Id*.) Restitution is no less than $2,869,945.32 and no more than $3,734,927.50. (*Id*. at 3.) Under the parties plea agreement, Neal agreed to provide the United States with financial information and documents within three weeks of his change of plea hearing, which was held on August 19, 2019. (*Id*. at

1

5.) The United States sent a financial statement form to Neal's counsel on July 3, 2019 for Neal to complete and return to the United States, but the United States has not received any financial information or documents from Neal. Sentencing in this case is set for December 9, 2019, at 10:00 a.m. (*Id.*) The United States is informed and believes that Neal may have purchased real estate in Florida in July 2019 via an LLC created in May 2019. Because of Neal's failure to complete and return a financial statement, the circumstances regarding the LLC and the real estate are largely unknown. The United States is concerned that Neal may be engaging in a pre-sentencing attempt to encumber assets and concealing the conduct by failing to provide the United States with the financial statement.

The court has determined that the government, as well as a defendant may utilize Rule 17(c) of the Federal Rules of Criminal Procedure. *See* 2 Wright & Henning, *Federal Practice and Procedure: Criminal 2d*, § 275 (4th ed. 2009) (government may use rule, subject to such limitations as are imposed by the Fourth and Fifth Amendments). The court will also presume that the government wishes to introduce the documents it seeks into evidence at the sentencing hearing scheduled in this case.

Federal Rule of Criminal Procedure 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena duces tecum. *United States v. Nixon*, 418 U.S. 683, 700 (1974); *United States v. Komisaruk*, 885 F.2d 490, 495 (9th Cir. 1989). A Rule 17(c) subpoena is "not intended to provide a means of discovery for criminal cases." *United States v. George*, 883 F.2d 1407, 1418 (9th Cir. 1989) (quoting Nixon, 418 U.S. at 698)); *see also Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Thus, there must be a substantial foundation for the movant's belief that the requested material exists and will be relevant and admissible. *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984). In meeting the specificity requirement, the movant must request specific documents and not entire categories of files since Rule 17(c) was not intended to "allow a blind fishing expedition seeking unknown evidence." *Reed*, 726 F.2d at 577 (quoting *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981)).

The court concludes that the pending application is not sufficiently specific to meet the standard set forth above. The government merely represents in conclusory fashion that "The United States is informed and believes that Neal may have purchased real estate in Florida in July 2019 via an LLC created in May 2019. Because of Neal's failure to complete and return a financial statement, the

circumstances regarding the LLC and the real estate are largely unknown." (Doc. No. 33 at 2.) The government does not explain how or to what degree the information it relies on is known, nor does it describe any connection between "lender Fort Brooke Funding LLC and lender Kevin Koehler IRA LLC," the third parties the government seeks to obtain documents from, to the real estate purchase it apparently suspects occurred in July 2019. Notably, no declaration accompanies the government's motion. Finally, such vague and unspecific representations regarding broad categories of documents ("all documents related to the purchase of the Florida real estate that occurred in July 2019" (Doc No. 33 at 2)) as are sought by the pending application are insufficient to justify the issuance of the Rule 17(c) subpoena the government seeks. In this respect, the application may be a mere "fishing expedition" in the hopes of discovering useful information, the type clearly prohibited by the case law interpreting Rule 17(c). *See Reed*, 726 F.2d at 577 ("Appellants did not request specific documents, but sought entire arson investigation files.").

For the reasons set forth above, the government's motion for the issuance of a Rule 17(c) subpoena is denied without prejudice to the filing of an application adequately addressing the court's concerns expressed above.

IT IS SO ORDERED.

Dated: **October 21, 2019**

_____
UNITED STATES DISTRICT JUDGE