CAROLINE C. MCCREARY, CA. Bar #176563
7081 N. Marks Avenue, Suite 104, PMB 302
Fresno, California 93711
Telephone: (559) 696-4529

Attorney for Defendant
Chester Neal

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 1:17CR00300-1 DAD-BAM |
| Plaintiff, | ) | |
| vs. | ) | **SENTENCING MEMORANDUM** |
| CHESTER NEAL, | ) | Date: February 10, 2020 |
| Defendant. | ) | |

**INTRODUCTION**

Defendant Chester Neal, comes before this court after having pled guilty to one count of Mail Fraud pursuant to a two-count Indictment. Count 1 charges Mail Fraud in violation of 18 U.S.C. section 1341. There exists a written plea agreement pursuant to 11(c)(1)(B) filed with this court. Judgement and sentencing for this matter, is scheduled on February 10, 2020.

Mr. Neal has reviewed the Presentence Report ("PSR") in this matter and agrees he has clearly demonstrated acceptance of responsibility and that he has no criminal history, therefore establishing a criminal history category of I.  Mr. Neal submits this sentencing memorandum to aid the Court in determining an appropriate sentence under 18 U.S.C., Section 3553(a).

II.

**BACKGROUND**

**A. The History and Characteristics of the Defendant**

Mr. Neal comes from humble beginnings. He was born to the marital union of Chester and Martha Neal. His father, age 78, is a retired construction worker and his mother, age 72, is

currently employed as an in-home support provider who also takes care of his disabled sister who was diagnosed with Parkinson's disease. Growing up, Mr. Neal's father established a small construction company and Mr. Neal would help his father with his construction and work during the summer as well as his winter breaks. He indicates his parents always provided him with the basic necessities; he credits his mother for providing him with sufficient love and support as his father was mostly out of town. However, Mr. Neal further indicated his father had an explosive temper, and at times, would become abusive causing their relationship to turn volatile.

### B. The Nature and Circumstances of the Offense

On August 19, 2019, Mr. Neal pled guilty to Mail Fraud in violation of 18 U.S.C. section 1341. Specifically, on or about July 2008 through December 2017, Mr. Neal bid on contracts to provide goods and service to the United States Army, Air Force or the National Park Service, the United States Bureau of Reclamation, the United State Fish and Wildlife Service as well as other departments and agencies of the United States using the Fedbid system.

The Fedbid system is a reverse auction proclaimed legal in 2005 by the federal government. A reverse auction is the opposite of a regular auction such as those on e-Bay, where the seller sells the item to the highest bidding buyer. Instead, in a reverse auction, the sellers, (contractors) offer increasing lower prices, in an attempt to undercut each other for the bidder's business, in this case a government contract.

Fedbid.com, is a commercial entity that works closely with the government to run the auctions. Some auctions will require you to have past performance with the government and others will need just a simple quote. Mr. Neal would bid on contracts along with other venders, and if he was awarded the contract, he would receive payment for the work in advance. Mr. Neal would bid on contracts to provide goods and services to the United States Army, the United States Air Force, the National Park Service, the United States Bureau of Reclamation, the United States Fish and Wildlife Service as well as other departments and agencies of the United States.

Once Mr. Neal was notified of winning the government contracts, Mr. Neal subcontracted the work to venders and Mr. Neal was paid directly, through electronic transfer to bank accounts under his control. However, he ultimately failed to pay venders for the work

they performed under the contract. Initially, the discovery indicates an attempt to perform as the system is intended however, Mr. Neal quickly faced a plethora of contractual morass combined with the usual dose of corner cutting subcontractors which came down to Mr. Neal's initial low bidding. Be it that it may, Mr. Neal does not dispute his guilt in this matter.

Lockstep, Mr. Neal developed drug and alcohol addictions while living in Las Vegas. Not long thereafter, he began a reckless pattern of losing thousands at a roulette table in under a couple of hours. The more he lost the more benefits and/or perks he would receive from the resort and the more drugs and alcohol he would consume. Additionally, Mr. Neal recalled receiving attention from women unlike any other time in his life. Women would gather in his suite, the casino would give him free of charge compliments to his gambling, and he would consume cocaine and alcohol regularly.

Thus, in addition to his growing drug addictions, Mr. Neal became a compulsive gambler. At the height of his gambling habit, Mr. Neal would often spend $30,000 to $40,000 a month on gambling. Like many addicts, the escalation of Mr. Neal's drug addiction and his compulsive gambling quickly made his life unmanageable. Ultimately, in an effort to absolve himself of increasing financial debt, Mr. Neal resorted to the behavior that landed him before the court.

In hindsight, Mr. Neal indicates his case is a biproduct of his gambling and alcohol and drug addictions. He shared the thoughts of his counselor, "the Fedbid system became a form of gambling as winning the bid fueled his predisposed addictions, and where he faltered was in completing these contracts, because in many cases his urge to bid caused him to drastically underbid simply to quote, 'win." What's more, Mr. Neal is predisposed to manic behavior as he regularly has been treated with anti- depressant medicine for several years predating this case. And, just as a gambler on a losing streak, every time Mr. Neal was unable to pay his venders or satisfy the contract, he resolved to let it ride and continue to bid thinking the next contract would resolve his financial problems.

To be sure, just as in gambling, the key to doing well in the reverse auctions, is to know your walk away price. If a bid that someone else makes drops below that price, bidding

should be discontinued or you will lose your shirt, as would a gambler. Indeed, Mr. Neal shared, his counselor's words were an important revelation for him as he indicated in hindsight he behaved exactly in that manner and harmed a lot of people along the way.

### III.
### THE COURT MAY CONSIDER ALL RELEVANT FACTORS IN SENTENCING CHESTER NEAL

In keeping with *United States v. Booker,* 125 S.Ct. 738 (2005), hereinafter *Booker,* the question as to whether a sentence is reasonable is no longer dependent on whether it comports with the Guidelines.  The Supreme Court has also held that "the range of choice dictated by the facts of the case is significantly broadened." *United States v. Gall,* 552 U.S. 38. Since the Guidelines are merely advisory "courts may vary from Guideline ranges based solely on policy considerations including disagreements with the Guidelines.

Even when the sentencing guidelines were mandatory, sentencing courts were to treat those before them as individuals. *Koon v. United States*, 518 U.S. 81, 113 (1996) ("It has been uniform, and constant in the federal judicial the sentencing judge to consider every convicted person as an individual in every case as a unique study in the human failings that sometimes mitigate, sometimes magnify the crime and the punishment to ensue."). The command of Congress is to impose a sentence that fits the crime and the person before the court. Thus, in a criminal case, a United States District Court Judge has the discretion to impose any sentence which is reasonable, so long as the Judge fully and fairly considers the sentencing factors in section 3553(a). A substantially reasonable sentence must ultimately reflect not only the gravity of the crime and the section 3553(a) factors, but also the history and characteristics of the defendant. As applied here, Mr. Neal acknowledges his guilt. More importantly, he understands the mistakes he made harmed people, including his family and love ones. As such, he has undergone counseling and has made a concerted effort to improve his life. A sentencing

court must begin its analysis by correctly calculating the applicable Guideline range and then should consider all of the section 3553(a) factors to determine whether they support the sentence requested by the parties. *Gall v. United States,* 552 U.S. 38,50 (2007). The Court must make an individualized assessment based on all of the section 3553(a) factors to determine whether a departure or variance is warranted. *Ibid.* After conducting this inquiry, a District Court is free to impose a sentence that is "reasonable." A substantially reasonable criminal sentence must ultimately reflect the gravity of the crime and the §3553(a) factors as applied to the case, including the history and characteristic of the defendant. Here, Mr. Neal has no criminal history and his conduct under pretrial release has been characterized as "exemplary."

Additionally, in imposing a just and reasonable sentence, a District Court may consider the accused's drug and alcohol dependence, particularly when that disease contributes to the defendant's wrongful conduct. Moreover, Mr. Neal's steady employment while his case has been pending, should be considered in combination with other aspects of Mr. Neal's background "in assessing the history and characteristics of Mr. Neal." 18 U.S.C. §3553, subd. (a)(1). Put simply, Mr. Neal respectfully submits, to impose a just and fair sentence in this case, this honorable Court should consider his history and characteristics as well as his profound change in behavior. In particular, Mr. Neal, contends his mental and emotional condition, his extraordinary acceptance of responsibility, and his exemplary post offense efforts at rehabilitation justify a sentence at the low end of the stipulated plea agreement.

\\\

\\\

\\\

# IV.
# CONCLUSION

Decisions, as cited above, and the command of the statute to impose a sentence that is "sufficient, but not greater than necessary," have given sentencing courts greater latitude to impose a sentence that fits the crime and the person before the court. Thus, Mr. Neal's lack of criminal history, his gambling addiction, combined with his profound drug and alcohol addiction, when weighed against his exemplary post arrest rehabilitation efforts, justifies a sentence at the low end of the plea agreement.

Dated:  January 28, 2020              Respectfully submitted,

                                      Caroline C. McCreary
                                      Attorney at Law

                                      \s\ Caroline McCreary
                                      **CAROLINE C. MCCREARY**
                                      Attorney for Defendant