UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:17-cr-00300-DAD-BAM |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT NEAL'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A) |
| CHESTER L. NEAL, JR, | |
| Defendant. | (Doc. No. 66) |

Pending before the court is defendant Chester L. Neal, Jr.'s motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) filed on January 25, 2022. (Doc. No. 66.) The pending motion is in large part based upon the risks to defendant purportedly posed by the coronavirus ("COVID-19") pandemic. For the reasons set forth below, defendant's motion will be denied.

**BACKGROUND**

On February 10, 2020, defendant was sentenced to 57 months imprisonment after pleading guilty to mail fraud in violation of 18 U.S.C. § 1341. (Doc. Nos. 49, 50.) Defendant is currently in the custody of the U.S. Bureau of Prisons ("BOP") and is serving his sentence at the Residential Reentry Management field office in Sacramento, California ("RRM Sacramento"), with a projected release date of August 10, 2024. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 25, 2024). At the time defendant filed the

1

pending motion, he was serving his sentence at Federal Correctional Institution Talladega ("FCI Talladega") in Alabama.  (Doc. No. 69 at 5.)

As noted, on January 25, 2022, defendant, then proceeding *pro se*, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Doc. No. 66.)  On January 27, 2022, the court appointed the Federal Defender's Office ("FDO") to represent defendant in connection with the pending motion.  (Doc. No. 67.)  Thereafter, on March 28, 2022, defendant filed a supplemental memorandum in support of the pending motion. (Doc. No. 69.)  On April 27, 2022, the government filed its opposition to the motion, and on May 20, 2022, defendant filed his reply thereto.  (Doc. Nos. 70, 75.)

In the two years that the pending motion has been fully briefed and under submission, neither the government, nor defendant, have filed any supplemental briefs to address the passage of time and the impact of changed circumstances on the pending motion.

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  However, a court is authorized to modify an imposed term of imprisonment in response to a motion for compassionate release brought pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  *See United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021).  In relevant part, that statute provides that the court may

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).[1]  To grant compassionate release under § 3582(c)(1)(A), a district court must conclude that the moving defendant satisfies all three predicates required by that provision. *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). As the Ninth Circuit has explained:

> First, the district court must determine whether "extraordinary and compelling reasons warrant" a sentence reduction.  Second, the court must evaluate whether a reduction would be "consistent with *applicable* policy statements issued by the Sentencing Commission."  Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted "under the particular circumstances of the case."

*Id.* (internal citations omitted). "Although a district court must perform this sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step." *Keller*, 2 F.4th at 1284.

The applicable policy statement for compassionate release in the United States Sentencing Guidelines sets out criteria and circumstances describing "extraordinary and compelling reasons." United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13. "Section 1B1.13 provides that extraordinary and compelling reasons for a reduction in sentence exist under any of six enumerated circumstances, or a combination thereof, relating to: (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) family circumstances of the defendant; (4) the defendant being a victim of abuse while in custody; (5) other reasons of similar gravity; and (6) an unusually long sentence." *United States v. Ramirez-Suarez*, No. 16-cr-00124-BLF, 2024

/////
/////
/////
/////

---

[1] In addition to the "extraordinary and compelling reasons" criteria, compassionate release may also be warranted where "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed . . ., and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii).  This provision, however, is not applicable here.

WL 1485859, at *4 (N.D. Cal. Apr. 5, 2024) (citing U.S.S.G. § 1B1.13).[2]

Lastly, regardless of which category of extraordinary and compelling reasons exist, in order to grant relief requested under 18 U.S.C. § 3582(c)(1)(A), the court must also determine that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and that "the reduction is consistent with" the § 1B1.13 policy statement. U.S.S.G. § 1B1.13(a)(2), (3).

Finally, the defendant bears the burden of to establish their "eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

/////

/////

---

[2] The U.S.S.G. Manual was recently amended, effective November 1, 2023, to update the Sentencing Commission's policy statement at U.S.S.G. § 1B1.13, which, by its terms as amended, is expressly directed to all motions for compassionate release regardless of whether the BOP or the defendant filed the motion. *See* U.S.S.G. § 1B1.13. Prior to this recent amendment, the Ninth Circuit had held that the then-current version of U.S.S.G. § 1B1.13, which only governed § 3582(c)(1)(A) motions filed by the BOP, was not an applicable policy statement for § 3582(c)(1)(A) motions filed by defendants. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (holding that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding'). The Ninth Circuit has not yet issued a decision addressing the applicability of the amended version of U.S.S.G. § 1B1.13, and whether that policy statement is now binding. Nevertheless, several district courts in this circuit have treated the amended policy statement as binding when evaluating compassionate releases motions filed by defendants. *See United States v. Brugnara*, No. 14-cr-00306-WHA, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024) ("Applying the reasoning in *Aruda* to the present iteration of 1B1.13, this order finds that, as of November 1, it is an "applicable policy statement" for motions filed by a defendant and, as a result, binds the district court's analysis."); *United States v. Rodriguez*, No. 17-cr-00215-GPC, 2024 WL 1268156, at *2 (S.D. Cal. Mar. 25, 2024) (explaining that "amendments to § 1B1.13, effective November 1, 2023, reflect that the policy statement is now applicable to motions filed by defendant and the BOP" and is therefore "binding on this court's consideration of [the defendant's] motion for compassionate release"); *United States v. Wentworth*, No. 19-cr-00388-CRB, 2024 WL 1470534, at *2 (N.D. Cal. Apr. 3, 2024) ("Effective November 1, 2023, courts are required to abide by this Sentencing Commission policy statement, which lists 'six categories of circumstances that may constitute extraordinary and compelling reasons, when evaluating a § 3582(c) motion for compassionate release") (quoting U.S.S.G. § 1B1.13) (internal quotation marks omitted); *United States v. Morales*, No. 2:16-cr-00241-KJM, 2024 WL 967658, at *2 (E.D. Cal. Mar. 6, 2024) (applying the policy statement U.S.S.G. § 1B1.13 as amended); *United States v. Wise*, No. 12-cr-00111-EMC-1, 2024 WL 170765, at *1 (N.D. Cal. Jan. 16, 2024) (same). Accordingly, this court likewise concludes that the current version of U.S.S.G. § 1B1.13 is binding on this court's consideration of defendant Neal's motion for compassionate release.

4

## ANALYSIS

**A.     Administrative Exhaustion**

Here, the parties do not dispute that defendant has exhausted his administrative remedies prior to filing the pending § 3582 motion. (Doc. Nos. 69 at 2–3; 70 at 4.) Accordingly, the court will turn to the merits of the motion.

**B.     Extraordinary and Compelling Reasons**

Defendant's motion "focuses on [his] greatly elevated risk of death or serious illness from COVID-19" due to his medical conditions (diabetes, asthma, high blood pressure, obesity, and an unspecified mood disorder) and the dorm-style housing in FCI Talladega, the correctional facility where he was serving his sentence. (Doc. No. 1, 3–5.) Thus, defendant essentially argues in his motion the extraordinary and compelling reasons exists based on his medical circumstances.

For the category of the defendant's medical circumstances, § 1B1.13 outlines the following four circumstances:

> (A)     The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B)     The defendant is—
>
> > (i)     suffering from a serious physical or medical condition,
> >
> > (ii)    suffering from a serious functional or cognitive impairment, or
> >
> > (iii)   experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C)     The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

/////

5

|   |   |   |   |
|---|---|---|---|
| | (D) | | The defendant presents the following circumstances— |
| | | (i) | the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority; |
| | | (ii) | due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and |
| | | (iii) | such risk cannot be adequately mitigated in a timely manner. |

U.S.S.G. § 1B1.13(b)(1).

Of these enumerated circumstances, the first circumstance does not apply because defendant does not assert that he is suffering from a terminal illness. Similarly, the third circumstance does not apply because defendant does not assert that the medical conditions that he suffers from require "long-term or specialized medical care that is not being provided." U.S.S.G. § 1B1.13(b)(1)(C). Indeed, defendant's motion is not based merely on the fact that he suffers from various medical conditions, for which he is receiving treatment and care. Rather, he contends that suffering these medical conditions, coupled with his incarceration in a dorm-style prison and his vaccination with the less effective Janssen vaccination, place him at a higher risk of death or serious illness from COVID-19. (Doc. No. 69 at 8.) Thus, based on defendant's contention, his motion can arguably be construed as seeking to establish that he satisfies the second and/or fourth circumstances enumerated in § 1B1.13(b)(1).

Critical to the criteria for both of those enumerated circumstances, defendant is no longer serving his sentence in FCI Talladega. As noted above, according to the BOP website's inmate locator, defendant is currently serving his sentence at RRM Sacramento. Defendant has not filed a supplemental brief to inform the court of any COVID-19 related conditions that he is purportedly experiencing at RRM Sacramento. Notably, many of the arguments advanced by defendant in his motion pertained to the dorm-style housing and inadequate social distancing and masking that he experienced at FCI Talladega. (Doc. No. 69 at 5, 6, 8.) Those arguments have

6

been rendered moot by defendant's transfer to RRM Sacramento.  In the absence of any arguments pertaining to defendant's current facility, namely that there is an ongoing outbreak of COVID-19 infections at RRM Sacramento, defendant simply cannot establish that the fourth enumerated circumstance exists here.[3]

For similar reasons, the court finds that defendant has not established that the second enumerated circumstance exists here either because, even assuming that defendant suffers from serious medical conditions, which the government does not dispute, he has not shown that his medical conditions "substantially diminish" his ability "to provide self-care within the environment of a correctional facility and from which he [] is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B).  As emphasized by the government in its opposition, defendant's medical conditions were being treated by the prison medical staff at FCI Talladega.  (Doc. No. 70 at 8.) Specifically, BOP's medical records for defendant "indicate that he is currently being treated for type 2 diabetes (controlled 1/19/2022), obesity, hyperlipidemia (unspecific), unspecified mood [affective] disorder, essential (primary) hypertension (controlled 1/19/2022), and asthma." (*Id.*) In his reply brief, defendant does not contest that he was and is receiving treatment for his conditions, which undercuts his motion. *See United States v. Ayon-Nunez*, No. 1:16-cr-00130-DAD, 2020 WL 704785, at *3 (E.D. Cal. Feb. 12, 2020) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.") (internal quotation marks and citation omitted); *United States v. Esparza*, No. 1:15-cr-00319-JLT-SKO, 2024 WL 216558, at *2 (E.D. Cal. Jan. 19, 2024) ("Diagnoses for chronic conditions that are treatable by the BOP do not establish extraordinary and compelling reasons that merit compassionate release, even in light of the COVID-19 pandemic."); *see also United States v. Cook*, No. 21-cr-01350-GPC, 2024 WL 1268163, at *3 (S.D. Cal. Mar. 25, 2024) (denying a motion for compassionate release because the defendant "has not submitted evidence that supports his allegations of FCI

---

[3] The court notes that the current rate of COVID-19 infections in the state of California is thankfully very low—2.4 percent test positivity. *See* California Department of Public Health, Division of Communicable Disease Control, Respiratory Virus Dashboard, available at: https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Respiratory-Viruses/RespiratoryDashboard.aspx (updated April 19, 2024).

Phoenix's medical treatment of prisoners, such as proof that he has been denied access to his inhaler or prescribed medications, and there is no evidence that his health has deteriorated from the alleged inadequate medical treatment"). More importantly, defendant Neal does not advance any arguments or offer any evidence to show that his medical conditions have substantially diminished his ability to provide self-care. Finally, although defendant argues that he was provided a less effective COVID-19 vaccination and that he was not offered a Moderna or Pfizer-BioNTech booster shot, he does not assert that he had even asked the medical staff at FCI Talladega for a booster vaccination, let alone that he was denied such a booster.

For all of these reasons, the court concludes that defendant Neal has not met his burden of demonstrating that extraordinary and compelling reasons exist that warrant his compassionate release under § 3582 (c)(1)(A). Therefore, his motion for compassionate release will be denied.

Having determined that defendant Neal has not established extraordinary and compelling reasons, the court need not address the parties' arguments with regard to the sentencing factors set forth in 18 U.S.C. § 3553(a) and whether defendant poses a danger to the public safety. *See Keller*, 2 F.4th at 1284.

**CONCLUSION**

Because defendant Neal has failed to demonstrate that "extraordinary and compelling" reasons exist justifying his release under 18 U.S.C. § 3582(c)(1)(A), his motion for compassionate release (Doc. No. 66) is denied.

IT IS SO ORDERED.

Dated:   **April 29, 2024**                                  *Dale A. Drozd*
                                                              DALE A. DROZD
                                                              UNITED STATES DISTRICT JUDGE

8